IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RENE ARTURO LOPEZ, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 1:10-cv-00023 (PLF)** |
| | ) | |
| **COUNCIL ON AMERICAN-ISLAMIC** | ) | |
| **RELATIONS ACTION NETWORK,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Council on American-Islamic Relations Action Network, Inc. ("CAIR"), by

and through its attorneys, hereby answers Plaintiffs' Complaint and asserts the following

affirmative or other defenses as follows:

## NATURE OF THE ACTION

1.       The first sentence of paragraph 1 sets forth conclusions of law and

characterizations of Plaintiffs' Complaint, to which no response is required.  To the extent only

that a further response is deemed required, CAIR denies each and every factual allegation set

forth in the first sentence of paragraph 1.  CAIR denies the remaining allegations contained in

paragraph 1 of the Complaint, all of which are impertinent, irrelevant, and interposed in bad faith

and for and improper purpose.  CAIR is America's largest civil liberties advocacy organization

for Muslims.  CAIR's mission is to enhance the understanding of Islam, encourage dialogue,

protect civil liberties, empower American Muslims, and build coalitions that promote justice and

mutual understanding.

2.       CAIR lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in the first sentence of paragraph 2 of the Complaint, and on that basis

denies such allegations.  CAIR denies the remaining allegations contained in paragraph 2 of the Complaint.

3.      CAIR denies the allegations contained in paragraph 3 of the Complaint.

4.       The allegations contained in paragraph 4 of the Complaint are directed to the conduct of a third-party, not CAIR.  CAIR lacks sufficient information to admit or deny the allegation that CAIR-VA employed Mr. Days in June 2006.

5.      Upon information and belief, CAIR admits the first sentence of paragraph 5 of the Complaint alleging that Mr. Days was not an attorney.  CAIR denies all remaining allegations not specifically admitted contained in paragraph 5 of the Complaint.

6.      CAIR denies the allegations contained in paragraph 6 of the Complaint.

7.      CAIR denies the allegations contained in paragraph 7 of the Complaint.

8.      CAIR denies the allegations contained in paragraph 8 of the Complaint.

9.      CAIR denies the allegations contained in paragraph 9 of the Complaint.

## **JURISDICTION AND VENUE**

10.     Paragraph 10 sets forth legal conclusions, to which no response is required.  To the extent that an answer is required, CAIR denies the allegations regarding the amount in controversy, and CAIR lacks information regarding the citizenship of Plaintiffs.

11.     Paragraph 11 sets forth legal conclusions, to which no response is required, except that CAIR admits that it is a corporate entity formed and doing business in the District of Columbia.

12.     Paragraph 12 sets forth legal conclusions, to which no response is required, except that CAIR admits that CAIR is organized under the laws of and maintains its principal place of business in the District of Columbia.

## PARTIES

13.     CAIR admits the allegations contained in paragraph 13 of the Complaint.

14.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph 14 of the Complaint, and on that basis denies such
allegations.

## FACTUAL BASIS FOR CLAIMS

15.     CAIR denies the allegations contained in paragraph 15 of the Complaint, and
further states that CAIR is America's largest civil liberties advocacy organization for Muslims.
CAIR's mission is to enhance the understanding of Islam, encourage dialogue, protect civil
liberties, empower American Muslims, and build coalitions that promote justice and mutual
understanding.

16.     The allegations contained in paragraph 4 of the Complaint are directed to the
conduct of a third-party, not CAIR.  CAIR lacks knowledge or information sufficient to form a
belief as to the truth of the allegations contained in first sentence of paragraph 16 of the
Complaint, and on that basis denies such allegations. CAIR denies the allegations contained in
the second sentence of paragraph 16 of the Complaint.

17.     CAIR denies the allegations contained in paragraph 17 of the Complaint.

18.     CAIR denies the allegations contained in paragraph 18 of the Complaint.

19.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of
the allegations contained in paragraph 19 of the Complaint, and on that basis denies such
allegations. CAIR specifically denies that Morris Days was a "CAIR attorney."

20.     CAIR denies the allegations contained in paragraph 20 of the Complaint.

21.     Upon information and belief, the allegation in the first sentence of paragraph 21 that Days was not a lawyer is admitted.  CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 21 of the Complaint that Days "never attended law school" and was not "licensed as an attorney to practice law in any jurisdiction in the United States," and on that basis denies such allegations. CAIR denies the allegations contained in the third sentence in paragraph 21 of the Complaint. The last sentence of paragraph 21of the Complaint sets forth legal conclusions, to which no response is required.

22.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 22 of the Complaint, and on that basis denies such allegations.  CAIR denies the allegations contained in the second sentence of paragraph 22 of the Complaint.

23.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and on that basis denies such allegations.

24.     CAIR denies the allegations contained in paragraph 24 of the Complaint.

25.     CAIR denies the allegations contained in paragraph 25 of the Complaint.

26.     CAIR denies the allegations contained in paragraph 26 of the Complaint.

27.     CAIR denies the allegations contained in paragraph 27 of the Complaint.

28.     CAIR denies the allegations contained in paragraph 28 of the Complaint.

29.     CAIR denies the allegations contained in paragraph 29 of the Complaint.

30.     CAIR admits that Mr. Days' association with CAIR-VA terminated in February 2008.  All remaining allegations in paragraph 30 of the Complaint not specifically admitted are denied.

31.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 31 of the Complaint, and on that basis denies all such allegations.  CAIR denies the allegations contained in the second sentence of paragraph 31 of the Complaint.

32.     CAIR admits the allegation in the first sentence of paragraph 32 of the Complaint that Nihad Awad is the executive director of CAIR but denies the remaining allegations in the first sentence of paragraph 32 of the Complaint.  CAIR admits that the individuals identified in the second through seventh sentences of paragraph 32 at all relevant times were CAIR employees, but denies that they are or were named "defendants" in the Complaint.  The last sentence of paragraph 32 of the Complaint is a characterization of Plaintiffs' Complaint, to which no response is required.  To the extent only that a further response is deemed required, CAIR denies the allegations set forth in the last sentence of paragraph 32.  All remaining allegations in paragraph 32 of the Complaint not specifically admitted are denied.

33.     CAIR denies the allegations contained in paragraph 33 of the Complaint.

34.     CAIR admits that it communicated with CAIR-VA after learning of allegations respecting Morris Days, but denies that such communications were in furtherance of any alleged fraud or conspiracy.  All remaining allegations in paragraph 34 of the Complaint not specifically admitted are denied.

35.     CAIR denies the allegations contained in paragraph 35 of the Complaint.

36.     CAIR denies the allegations contained in paragraph 36 of the Complaint.

37.     CAIR denies the allegations contained in paragraph 37 of the Complaint.

38.     CAIR denies the allegations contained in paragraph 38 of the Complaint.

39.     CAIR denies the allegations contained in paragraph 39 of the Complaint to the extent that they attempt to characterize written documents, which documents are in writing and, therefore, speak for themselves.  CAIR specifically denies the authenticity of the document attached to the Complaint as Exhibit III.  CAIR denies all remaining allegations contained in paragraph 39 of the Complaint.

40.     CAIR denies the allegations contained in paragraph 40 of the Complaint as written and based on its reliance on the "Release of Claims Document" attached to the Complaint.  CAIR specifically denies the authenticity of the document attached to the Complaint as Exhibit III.

41.     CAIR denies the allegations contained in paragraph 41 of the Complaint.  CAIR specifically denies the authenticity of the document attached to the Complaint as Exhibit III.

42.     CAIR denies the allegations contained in paragraph 42 of the Complaint to the extent that they attempt to characterize written documents, which documents are in writing and, therefore, speak for themselves.  CAIR denies the remaining allegations contained in paragraph 42 of the Complaint.

43.     CAIR denies the allegations contained in paragraph 43 of the Complaint to the extent that they attempt to characterize written documents, which documents are in writing and, therefore, speak for themselves.  CAIR denies the remaining allegations contained in paragraph 43 of the Complaint.

44.     CAIR denies the allegations contained in paragraph 44 of the Complaint to the extent that they attempt to characterize written documents, which documents are in writing and,

6

therefore, speak for themselves.  CAIR denies the remaining allegations contained in paragraph 44 of the Complaint.

45.     CAIR denies the allegations contained in paragraph 45 of the Complaint to the extent that they attempt to characterize written documents, which documents are in writing and, therefore, speak for themselves.  CAIR denies the remaining allegations contained in paragraph 45 of the Complaint.

46.     CAIR denies the allegations contained in paragraph 46 of the Complaint.

47.     CAIR denies the allegations contained in paragraph 47 of the Complaint to the extent that they attempt to characterize written documents, which documents are in writing and, therefore, speak for themselves.  CAIR denies the remaining allegations contained in paragraph 47 of the Complaint.

48.     CAIR denies the allegations contained in paragraph 48 of the Complaint to the extent that they attempt to characterize written documents, which documents are in writing and, therefore, speak for themselves.  CAIR denies the remaining allegations contained in paragraph 48 of the Complaint.

49.     CAIR denies the allegations contained in paragraph 49 of the Complaint to the extent that they attempt to characterize written documents, which documents are in writing and, therefore, speak for themselves.  CAIR denies the remaining allegations contained in paragraph 49 of the Complaint.

50.     CAIR denies the allegations contained in paragraph 50 of the Complaint to the extent that they attempt to characterize written documents, which documents are in writing and, therefore, speak for themselves.  CAIR denies the remaining allegations contained in paragraph 50 of the Complaint.

51.     CAIR denies the allegations contained in paragraph 51 of the Complaint.

52.     CAIR admits that Al-Khalili met with Iqbal at the CAIR-VA office on or about June 2, 2009.  All remaining allegations in paragraph 52 of the Complaint not specifically admitted are denied.

53.     CAIR denies the allegations contained in paragraph 53 of the Complaint.

54.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and on that basis denies such allegations.

55.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Complaint and on that basis denies such allegations.

56.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of the Complaint and on that basis denies such allegations.

57.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and on that basis denies such allegations.

58.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint and on that basis denies such allegations.

59.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and on that basis denies such allegations.

60.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and on that basis denies such allegations.

61.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint and on that basis denies such allegations.

62.     CAIR admits that it did not file a lawsuit on behalf of Plaintiff Abdussalam. CAIR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 62 of the Complaint and on that basis denies such allegations.

63.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of the Complaint and on that basis denies such allegations.

64.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint and on that basis denies such allegations.

65.     CAIR denies the allegations contained in paragraph 65 of the Complaint to the extent that they attempt to characterize written documents, which documents are in writing and, therefore, speak for themselves.  CAIR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 65 of the Complaint and on that basis denies such allegations.

66.     CAIR denies the allegations contained in paragraph 66 of the Complaint to the extent that they attempt to characterize written documents, which documents, if they exist, are in writing and, therefore, would speak for themselves.

67.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint and on that basis denies such allegations.

68.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint and on that basis denies such allegations.

69.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint and on that basis denies such allegations.

70.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint and on that basis denies such allegations.

71.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint and on that basis denies such allegations.

72.      CAIR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 72 of the Complaint and on that basis denies such allegations.

73.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint and on that basis denies such allegations.

74.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint and on that basis denies such allegations.

75.     CAIR admits that Athman called Plaintiff MB and informed him that Days was not an attorney.  All remaining allegations in paragraph 75 of the Complaint not specifically admitted are denied.

76.     CAIR admits that Athman called Plaintiff MB and informed him that Days was not an attorney and that Plaintiff MB informed Athman that he paid money to Days.  All remaining allegations in paragraph 77 of the Complaint not specifically admitted are denied.

77.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint and on that basis denies such allegations.

78.     CAIR denies the allegations contained in paragraph 78 of the Complaint.

79.     CAIR denies the allegations contained in paragraph 79 of the Complaint.

80.     CAIR denies the allegations contained in paragraph 80 of the Complaint.

81.     CAIR denies the allegations contained in paragraph 81 of the Complaint.

82.     CAIR denies the allegations contained in paragraph 82 of the Complaint.

83.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of the Complaint and on that basis denies such allegations.

84.     CAIR denies the allegation in the first sentence of Paragraph 84 of the Complaint that Plaintiffs Turner and Lopez "retained CAIR."  CAIR lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 84 of the Complaint and on that basis denies such allegations.

85.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the Complaint and on that basis denies such allegations.

86.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint and on that basis denies such allegations.

87.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint and on that basis denies such allegations.

88.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint and on that basis denies such allegations.

89.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint and on that basis denies such allegations.

90.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the Complaint and on that basis denies such allegations.

91.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the Complaint and on that basis denies such allegations.

92.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint and on that basis denies such allegations.

93.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 93 of the Complaint and on that basis denies such allegations.

94.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint and on that basis denies such allegations.

95.     CAIR denies the allegations contained in paragraph 95 of the Complaint.

96.     CAIR denies the allegations contained in paragraph 96 of the Complaint.

97.     CAIR denies the allegations contained in paragraph 97 of the Complaint.

98.     CAIR denies the allegations contained in paragraph 98 of the Complaint.

99.     CAIR denies the allegations contained in paragraph 99 of the Complaint.

100.    CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint and on that basis denies such allegations.

101.    CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the Complaint and on that basis denies such allegations.

102.    CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the Complaint and on that basis denies such allegations.

103.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the Complaint and on that basis denies such allegations.

104.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint and on that basis denies such allegations.

105.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint and on that basis denies such allegations.

106.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint and on that basis denies such allegations.

107.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint and on that basis denies such allegations.

108.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the Complaint and on that basis denies such allegations.

109.     CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint and on that basis denies such allegations.

110.     CAIR denies the allegations contained in paragraph 110 of the Complaint to the extent that they attempt to characterize written documents, which documents are in writing and,

14

therefore, speak for themselves.  CAIR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 110 of the Complaint and on that basis denies such allegations.

111.    CAIR denies the allegations contained in paragraph 111 of the Complaint to the extent that they attempt to characterize written documents, which documents are in writing and, therefore, speak for themselves.  CAIR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 111 of the Complaint and on that basis denies such allegations.

112.    CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the Complaint and on that basis denies such allegations.

113.    CAIR admits the allegation in the first sentence of paragraph 113 of the Complaint that CAIR never communicated with Plaintiff Nur.  CAIR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 113 of the Complaint and on that basis denies such allegations.

114.    CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the Complaint and on that basis denies such allegations.

115.    CAIR denies the allegation in the last sentence of paragraph 115 of the Complaint that "CAIR representatives were assuring [Plaintiff Nur] that CAIR would sue on her behalf to protect her interests."  CAIR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 115 of the Complaint and on that basis denies such allegations.

116.   CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the Complaint and on that basis denies such allegations.

117.   CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the Complaint and on that basis denies such allegations.

118.   CAIR admits the fourth sentence of paragraph 118 of the Complaint that "no CAIR attorney or other staff member was representing" Plaintiff Nur.  CAIR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 118 of the Complaint and on that basis denies such allegations.

119.   CAIR lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the Complaint and on that basis denies such allegations.

120.   CAIR admits the first sentence of paragraph 120 of the Complaint that it never contacted Plaintiff Nur.  CAIR admits the second sentence of paragraph 120 of the Complaint that it did not file an administrative appeal or lawsuit on Plaintiff Nur's behalf.  CAIR lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 120 of the Complaint and on that basis denies such allegations.

121.   CAIR denies the allegations contained in paragraph 121 of the Complaint.

122.   CAIR denies the allegations contained in paragraph 122 of the Complaint.

123.   CAIR denies the allegations contained in paragraph 123 of the Complaint.

124.   CAIR denies the allegations contained in paragraph 124 of the Complaint.

125.     CAIR denies the allegations contained in paragraph 125 of the Complaint and on that basis denies such allegations.

126.     CAIR denies the allegations contained in paragraph 126 of the Complaint.

## CAUSES OF ACTION

### Count One—Violations of DCCPPA: D.C. CODE § 28-3901 et seq.

127.     CAIR repeats and reasserts the responses to the allegations contained in paragraph 1 through 126 above as if fully set forth herein.

128-140.  The allegations in paragraphs 128-140 of the Complaint relate only to a claim that has been dismissed, and, therefore, no answer is required to these paragraphs.

### Count Two—Violations of VCPA: VA. Code Ann. § 59.1-196 et seq.

141.     CAIR repeats and reasserts the responses to the allegations contained in paragraph 1 through 126 above as if fully set forth herein.

142.     Paragraph 142 is a characterization of Plaintiffs' Complaint, to which no response is required.  To the extent only that a further response is deemed required, CAIR denies each and every factual allegation set forth in paragraph 142 of the Complaint.  .

143.     Paragraph 143 of the Complaint sets forth legal conclusions, to which no response is required.

144.     Paragraph 144 of the Complaint sets forth legal conclusions, to which no response is required.

145.     Paragraph 145 of the Complaint sets forth legal conclusions, to which no response is required.

146.     CAIR denies the allegations contained in paragraph 146 of the Complaint.

147.    Paragraph 147 of the Complaint sets forth legal conclusions, to which no response is required.

148.    Paragraph 148 of the Complaint sets forth legal conclusions, to which no response is required.

149.    CAIR denies the allegations contained in paragraph 149 of the Complaint.

150.    CAIR denies the allegations contained in paragraph 150 of the Complaint.

151.    CAIR denies the allegations contained in paragraph 151 of the Complaint.

152.    CAIR denies the allegations contained in paragraph 152 of the Complaint.

**Count Three—Common Law Fraud and Conspiracy to Commit Fraud**

153.    CAIR repeats and reasserts the responses to the allegations contained in paragraph 1 through 126 above as if fully set forth herein.

154.    Paragraph 154 is a characterization of Plaintiffs' Complaint, to which no response is required.  To the extent only that a further response is deemed required, CAIR denies each and every factual allegation set forth in paragraph 154 of the Complaint.

155.    CAIR denies the allegations contained in paragraph 155 of the Complaint.

156.    CAIR denies the allegations contained in paragraph 156 of the Complaint.

157.    CAIR denies the allegations contained in paragraph 157 of the Complaint.

158.    CAIR denies the allegations contained in paragraph 158 of the Complaint.

**Count Four-Breach of Fiduciary Duties**

159.    CAIR repeats and reasserts the responses to the allegations contained in paragraph 1 through 126 above as if fully set forth herein.

160.     Paragraph 160 is a characterization of Plaintiffs' Complaint, to which no response is required.  To the extent only that a further response is deemed required, CAIR denies each and every factual allegation set forth in paragraph 160 of the Complaint.

161.     CAIR denies the allegations contained in paragraph 161 of the Complaint.

162.     CAIR denies the allegations contained in paragraph 162 of the Complaint.

163.     CAIR denies the allegations contained in paragraph 163 of the Complaint.

164.     CAIR denies the allegations contained in paragraph 164 of the Complaint.

165.     CAIR denies the allegations contained in paragraph 165 of the Complaint.

166.     CAIR denies the allegations contained in paragraph 166 of the Complaint.

### Count Five – Infliction Of Emotional Distress

167.     CAIR repeats and reasserts the responses to the allegations contained in paragraph 1 through 126 above as if fully set forth herein.

168.     Paragraph 168 is a characterization of Plaintiffs' Complaint, to which no response is required.  To the extent only that a further response is deemed required, CAIR denies each and every factual allegation set forth in paragraph 168 of the Complaint.

169.     CAIR denies the allegations contained in paragraph 169 of the Complaint.

170.     CAIR denies the allegations contained in paragraph 170 of the Complaint.

171.     CAIR denies the allegations contained in paragraph 171 of the Complaint.

172.     CAIR denies the allegations contained in paragraph 172 of the Complaint.

### PRAYER FOR RELIEF

CAIR denies that Plaintiffs are entitled to any of the relief requested in the Prayer for Relief set forth in paragraphs 173-180 of the Complaint.

## AFFIRMATIVE DEFENSES

CAIR, while reserving the right to assert other defenses as discovery proceeds, and without assuming the burden of proof when the burden of proof rests on Plaintiffs, asserts the following separate and independent affirmative defenses in further opposition to Plaintiffs' Complaint:

1.      Plaintiffs fail to state a claim upon which relief can be granted.

2.      Plaintiffs' claims are barred by the equitable doctrine of waiver.

3.      Plaintiffs' claims are barred by the equitable doctrine of estoppel.

4.      Plaintiffs' claims are barred by the doctrine of assumption of risk.

5.      Plaintiffs' claims are barred by the doctrine of charitable immunity.

6.      Plaintiffs are barred from recovery because Plaintiffs have sustained no damages as a result of any acts committed by CAIR.

7.      Plaintiffs' claims are barred, either in whole or in part, by the absence of subject matter jurisdiction.

8.      Plaintiffs lack standing to maintain the claims asserted in the Complaint.

9.      Plaintiffs failed to mitigate their damages, if any, and as a consequence thereof, Plaintiffs are not entitled to recover the amount of damages alleged, or any other damages.

10.     Plaintiffs' damages, if any, were caused by the conduct of third parties, for which CAIR bears no responsibility.

11.     Plaintiffs' damages, if any, were caused by their contributory negligence.

**WHEREFORE, CAIR** prays that the Court:

1.      Dismiss Plaintiffs' Complaint with prejudice;

2.      Award CAIR its costs defending this action, including reasonable attorneys' fees;

and

3.      Grant CAIR such other and further relief as the Court may deem proper.

Dated: October 14, 2010                              Respectfully submitted,


                                           _____/s/   Adam S. Caldwell_____
                                           Adam S. Caldwell (D.C. Bar No. 445786)
                                           Leslie Moylan  (D.C. Bar No. 985716)
                                           DAVIS WRIGHT TREMAINE LLP
                                           1919 Pennsylvania Ave., N.W., Suite 200
                                           Washington, D.C. 20006-3402
                                           (202) 973-4400
                                           (202) 973-4499 fax

                                           *Attorneys for CAIR*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on this 14th day of October, 2010, true and correct copies of

the foregoing Answer to Amended Complaint were served via ECF upon all counsel of record.


_____/s/ Adam S. Caldwell_____