**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

===============================
                              )
IFTIKHAR SAIYED               )
                              )
        Plaintiff,            )        Civil Action No. 1:10-cv-00022
                              )        PLF/AK
        v.                    )
                              )
COUNCIL ON AMERICAN-ISLAMIC   )
RELATIONS ACTION NETWORK,     )
INC.,                         )
                              )
        Defendant.            )
                              )
===============================
===============================
                              )
ARTURO LOPEZ, *et al.*,       )
                              )
        Plaintiffs,           )        Civil Action No. 1:10-cv-00023
                              )        PLF/AK
        v.                    )
                              )
COUNCIL ON AMERICAN-ISLAMIC   )
RELATIONS ACTION NETWORK,     )
INC.,                         )
                              )
        Defendant.            )
                              )
===============================

**REPLY IN SUPPORT OF DEFENDANT'S RULE 37(C)(1) MOTION**

Defendant, Council on American-Islamic Relations ("CAIR"), through its undersigned

counsel, and pursuant to Federal Rules of Civil Procedure 26 and 37, hereby renews its Motion

for Sanctions to Prevent Plaintiffs' Use of Information or Witness Testimony Pursuant to Federal

Rule of Civil Procedure 37(c)(1) ("Motion").   Defendant CAIR moves this Court for an order

preventing Plaintiffs from taking the deposition of Hassan M. Ahmad or using any information supplied by Mr. Ahmad as evidence on a motion, at a hearing, or at trial.

On November 14, 2011, Plaintiffs served attorney Hassan M. Ahmad with a subpoena *duces tecum* and Notice of Deposition.  In its Rule 37(c)(1) Motion,  Defendant argued that this Court must bar Plaintiffs from taking Mr. Ahmad's deposition or using any evidence that Plaintiffs received otherwise from Mr. Ahmad because he has not been properly identified as a witness.  On December 15, 2011, Plaintiffs filed an Opposition to Defendant's Rule 37(c)(1) Motion ("Plaintiffs' Opposition").  In their opposition, Plaintiffs all but ignore the clear language in the Federal Rules of Civil Procedure and contend that Defendant's Motion should be denied. No matter how many adjectives Plaintiffs use to characterize their tenuous position, their arguments must fail.

Plaintiffs argue in their Opposition that they gave "adequate notice" of Mr. Ahmad's subpoena.  (Pls.' Opp'n 2.) Unfortunately for Plaintiffs, the Rules do not require "adequate notice," but instead provide for specific and detailed disclosures in the form of the "name and, if known, the address and telephone number of each individual likely to have discoverable information, along with the subjects of that information that the disclosing party may use to support its claims or defenses. . . ."  Fed. R. Civ. P. 26(a)(1)(A)(i).

Plaintiffs now aver that their vague January 24, 2011 disclosures meet the particularity requirements of Rule 26.  Such an argument lacks foundation in the law and in logic. Plaintiffs argue that "All of CAIR and CAIR-VA[1] officers, directors, employees, contractors, and volunteers ("CAIR" personnel) named in the First Amended Complaint and any additional CAIR personnel determined during discovery to have relevant information" qualifies as a

---

[1] The legal name of this entity was CAIR-Maryland/Virginia and will be referred to as CAIR-MD/VA herein.

sufficient identification of Hassan Ahmad as a potential witness or source of information. (Pls.' Opp'n 2.)  However, Hassan Ahmad never worked for CAIR and has never been associated with CAIR National the defendant in this matter.  Mr. Ahmad is not and has never been "CAIR personnel."  Mr. Ahmad was instead associated with CAIR-MD/VA.  Beginning with its Motion to Dismiss, CAIR has repeatedly differentiated between these two entities.  CAIR and CAIR-MD/VA are two separate legal entities and thus any identification of "CAIR personnel" would only include individuals that worked in CAIR's Washington D.C. offices.  Plaintiffs even differentiate between the two entities earlier in the disclosure.  Even if Mr. Ahmad could be considered CAIR personnel, this disclosure, as well as the disclosure of "all attorneys contacted by CAIR or any of the CAIR personnel who were solicited or requested to represent any of the CAIR-Morris Days 'legal clients-victims'" fail for their lack of particularity as anticipated by Rule 26.  (Pls.' Opp'n 1-2.)    These vague statements are thus insufficient to properly identify Mr. Ahmad.

Rule 26 mandates that Plaintiffs must supplement their initial disclosures upon learning that they are incomplete and if the information has not otherwise been made known to the other parties. Under Rule 26, "[a] party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission—must supplement or correct its disclosure or response. . . in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

Plaintiffs allude to the argument that the additional or corrective information had otherwise been made known to CAIR, but this argument fails.  Though Mr. Ahmad's name is

listed on emails about this issue, CAIR had no notice that he would be issued a subpoena and Notice of Deposition until just weeks prior to the issuance.

Though Plaintiffs did eventually identify Mr. Ahmad with particularity after prompting from Defendants, such identification was untimely, an issue Plaintiffs do not address in their Opposition.  Plaintiffs knew of Mr. Ahmad's identity prior to the November 28, 2011 supplement to their initial disclosures.  In fact, Plaintiffs revealed on the record on May 19, 2011 their knowledge of a lawyer on the CAIR-MD/VA Board of Directors; Mr. Ahmad was the only lawyer who worked exclusively with CAIR-MD/VA.  Plaintiffs knew of Mr. Ahmad's name, home address and work address as late as October 28, 2011, as is reflected in the email exchange between the parties' counsel:

From: David Yerushalmi [mailto:david.yerushalmi@verizon.net]
Sent: Thursday, October 27, 2011 4:16 PM
To: Nadhira Al-Khalili
Subject: Saiyed v. CAIR/subpoena

Ms. Al-Khalili:

We are preparing a subpoena for Ahmad M. Hassan. Before we serve him personally, I wanted to know if you represent him. Please let me know by close of business tomorrow. Thank you.
============================================

From: Nadhira Al-Khalili [mailto:nalkhalili@cair.com]
Sent: Friday, October 28, 2011 10:16 AM
To: david.yerushalmi@verizon.net
Subject: RE: Saiyed v. CAIR/subpoena

No I don't and his name is Hassan M. Ahmad.  You can send me any subpoenas and I'll forward it to him.

============================================
From: David Yerushalmi [mailto:david.yerushalmi@verizon.net]
Sent: Friday, October 28, 2011 10:35 AM
To: Nadhira Al-Khalili
Subject: RE: Saiyed v. CAIR/subpoena

I am not sure what this means, "you'll forward it to him." Are you authorized to accept service for him? **If not, we know where he lives/works and will have no problem serving him.** You can certainly let him know and if he'd like to arrange service by email, he can email me.

================================================

Emails exchanged by Plaintiffs' and Defendant's counsel, Oct. 27-28, 2011 (emphasis added).

Instead of supplementing Plaintiffs' initial disclosures at that time, Plaintiffs' counsel waited until prompted by CAIR's counsel, which was well after the date that Plaintiffs issued the subpoena, as even they admitted in their Opposition.  (Pls.' Opp'n 4.)

Failure to identify a witness pursuant to Rule 26(e) prevents a party from using that witness's testimony as evidence.  Fed. R. Civ. P. 37(c)(1).  Exclusion of the witness is mandatory unless the failure was substantially justified or harmless.  Elion v. Jackson, 544 F. Supp. 2d 1, 6 (D.D.C. 2008).

Failure to identify Hassan Ahmad as a witness prior to issuing a subpoena for his deposition testimony was not substantially justified. In fact, Plaintiffs do not address this issue in their opposition and apparently have no explanation for their failure to timely identify this witness.

The failure to identify Hassan Ahmad as a witness was also not harmless.  This issue similarly went unaddressed in Plaintiffs' Opposition. Plaintiffs' failure to identify Mr. Ahmad specifically in the initial disclosures or in a timely supplement means that Defendant had no actual knowledge that Plaintiffs would be seeking Mr. Ahmad's deposition.  Plaintiffs' decision to depose Mr. Ahmad at the eleventh hour thus comprises unfair surprise and significantly prejudices Defendant.   The subpoena on Mr. Ahmad is highly burdensome as it gives CAIR an extremely short time to prepare for the deposition.

Plaintiffs have failed to comply with the Federal Rules of Civil Procedure which govern

discovery in federal civil matters. Accordingly, Hassan Ahmad must be excluded as a witness or

source of information.

Dated: December 27, 2011

Respectfully submitted,

THE COUNCIL ON AMERICAN-
ISLAMIC RELATIONS ACTION
NETWORK INC.


By: _____/s/_____

Nadhira Al-Khalili, Esq.
453 New Jersey Avenue, S.E.
Washington, DC 20003
(0) 202-646-6034
(F) 202-488-0833
nalkhalili@cair.com
Counsel for CAIR

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 27, 2011, true and correct copies of the

foregoing were electronically filed with the clerk of the court using the CM/ECF system, which

will send notification of such filing to all attorneys of record.


      /s/ Nadhira Al-Khalili
Nadhira Al-Khalili



In addition, I hereby certify that I have caused to be served by e-mail a copy of same

upon the following, which are not registered with the Court's CM/ECF system:

Hassan M. Ahmad, Esq. #MD16049
THE HMA LAW FIRM, PLLC
1037 Sterling Road, Suite 201
Herndon, VA 20170
Phone: (703) 964-0245
hma@hmalegal.com
*Pro Se* Nonparty Witness



      /s/ Nadhira Al-Khalili
Nadhira Al-Khalili