IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IFTIKHAR SAIYED ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL No: 1:10-cv 00022-PLF-AK |
| v. ) | |
| ) | |
| COUNCIL ON AMERICAN-ISLAMIC ) | |
| RELATIONS ACTION NETWORK ) | |
| ) | |
| Defendant. ) | |
| ) | |
| RENE ARTURO LOPEZ., *et.al* ) | |
| ) | |
| Plaintiff, ) | CIVIL No: 1:10-cv 00023-PLF-AK |
| ) | |
| v. ) | |
| ) | |
| COUNCIL ON AMERICAN-ISLAMIC ) | |
| RELATIONS ACTION NETWORK, INC ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR
PARTIAL SUMMARY JUDGMENT**

COMES NOW, Defendant through undersigned Counsel and respectfully submits this Reply Memorandum In Support of Motion for Summary Judgment to move this Court to grant summary judgment as to Count Two of the First Amended Complaint.

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 1

I.   DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE IT IS TIMELY, PROCEDURALLY PROPER, AND SUBSTANTIVELY CORRECT ....................................................................................... 1

    A.   Defendant's Motion for Partial Summary Judgment Is Timely ............................... 1

    B.   Defendant's Motion for Partial Summary Judgment Is Procedurally Sufficient Because It Addresses a New Legal Theory to the Court With Facts Outside of the Pleadings .................................................................................................................. 2

    C.   Even If The Court Considered Defendant's Motion for Summary Judgment as a Motion to Reconsider, It Shows A Valid Legal Basis to Vacate The Court's Earlier Decision .................................................................................................................. 3

CONCLUSION ............................................................................................................................... 6

# TABLE OF AUTHORITIES

### Cases

Board of Directors of the Port Royal Condominium Unit Owners' Ass'n v. Crossland Savings FSB, 15 Va. Cir. 239 ............................................................................................ 3

Lopez v. Council on Am.-Islamic Rels. Action Network, Inc., 741 F. Supp. 2d 222 ......... 2

Oberto v. Grogan, 88 VA Cir. 188 ........................................................................................ 3

PDK Labs, Inc. v. Ashcroft, 338 F.Supp.2d 1 ...................................................................... 2

### Statutes

Fed. R. Civ. Proc. 56(b) ......................................................................................................... 1

Va. Code §§ 59.1-196 et seq. ................................................................................................. 3

**PRELIMINARY STATEMENT**

As we stated in our Motion for Partial Summary Judgment, Virginia law is clear, Virginia Consumer Protection Action ("VCPA") does consider legal services of any kind to be a consumer transaction. As such, VCPA does not apply to legal services. It does not matter who the supplier o those legal services are, legal services are not a consumer transaction. Nothing in the Plaintiff's response changes that. Plaintiff cannot refute what is so clear under Virginia law.

**ARGUMENT**

**I.   DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT SHOULD BE GRANTED BECAUSE IT IS TIMELY, PROCEDURALLY PROPER, AND SUBSTANTIVELY CORRECT**

**A.  Defendant's Motion for Partial Summary Judgment Is Timely**

After this Court granted Defendant's original motion for summary judgment on January 29, 2015, Plaintiffs appealed the decision to the Court of Appeals for the District of Columbia. After the Court of Appeals' decision to remand the case back to this Court, no other scheduling of fact discovery or motion deadlines were addressed. However, the Parties continued discovery for experts, which is still ongoing at this time.

Further, pursuant to Federal Rules of Civil Procedure 56(b), "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of *all* discovery." (emphasis added). At this time, parties are still in the phase of completing discovery, including depositions of expert witnesses in this matter. Thus, the deadline set by Fed. R. Civ. Proc. 56(b) has not passed.

1

Most importantly, during a status conference between the parties with this Court on January 8, 2018, this Court allowed Defendant to file a motion for summary judgment after Defendant notified their intent to file such motion. Thus, the Court's oral order in the status conference negated any previous scheduling order set regarding a motions deadline. Because of all of the above, Defendant's motion for summary judgment is timely.

### B. Defendant's Motion for Partial Summary Judgment Is Procedurally Sufficient Because It Addresses a New Legal Theory to the Court With Facts Outside of the Pleadings

In general, "the ruling on a motion to dismiss for failure to state a claim for relief is addressed solely to the sufficiency of the complaint and does not prevent summary judgment from subsequently being granted based on material outside the complaint." PDK Labs, Inc. v. Ashcroft, 338 F.Supp.2d 1, 6-7 (D.D.C. 2004) (quoting 10A WRIGHT, MILLER & KANE, FEDERAL PRACTICE & PROCEDURE: CIVIL 3D § 2713 at 233 (2d. ed. 1998)). In order to defeat the law of the case doctrine, the movant must not make the same legal argument with the same factual showing in their motion for summary judgment that was the basis for the denial of the motion to dismiss. *Id*.

Here, Defendant moves for summary judgment based on a new legal theory outside of their argument from the motion to dismiss filed with the Court. Although Defendant cites to the same law, their argument in the motion for summary judgment requires a separate and distinct legal analysis, based on Virginia case law. In order for the Virginia Consumer Protection Act ("VCPA") to apply, the Plaintiff must establish (1) fraudulent acts or practices, (2) committed by a supplier, (3) in connection with a consumer transaction. In its motion to dismiss, Defendant argued that

2

> [t]he VCPA claim must also fail, because the nature of the attorney-client relationship is not one that gives rise to a consumer claim. While Virginia courts have not had occasion to consider the issue of whether a lawyer is a "supplier" under the VCPA, the "majority of jurisdictions that have addressed this issue have held that the regulation of attorneys does not fall within the ambit of consumer protection laws.

MTD at 41. Here, Defendant argued strictly that a lawyer does not fit the definition of "supplier" under the VCPA. This Court, in their opinion regarding Defendant's argument, stayed strictly within the Defendant's legal theory that a lawyer is not a "supplier". Lopez v. Council on Am.-Islamic Rels. Action Network, Inc., 741 F. Supp. 2d 222, 236 ("CAIR argues that the allegations pled by the plaintiffs do not state a claim under Virginia's Consumer Protection Act, Va. Code §§ 59.1-196 et seq., because 'the majority of jurisdictions that have addressed this issue have held that the regulation of attorneys does not fall within the ambit of consumer protection laws.' MTD at 26 [quoting Beyers v. Richmond, 594 Pa. 654, 660, 937 A.2d 1082 & n.7 (2007)]. The plaintiffs, however, do not challenge the conduct of attorneys; they complain that CAIR knowingly employed and held out a non-attorney as a provider of legal services. As a result, CAIR's argument is inapposite."). Further, Defendant provided the Court with factual elements outside the pleadings, including the Virginia State Bar's distinction of Mr. Days' actions as the unauthorized practice of law. Thus, Defendant's motion for summary judgment is not made on the same legal grounds with the same factual showing, and the law of the case doctrine does not apply.

C. **Even If The Court Considered Defendant's Motion for Summary Judgment as a Motion to Reconsider, It Shows A Valid Legal Basis to Vacate The Court's Earlier Decision**

Even if the Court considers Defendant's motion as a motion for reconsideration, it should reconsider its earlier decision because of applicable Virginia case law to this

3

matter. In its opinion in support of denying Defendant's motion to dismiss Plaintiff's Count II for violation of the VCPA, the Court did not consider Virginia legal precedent regarding whether the VCPA applies to legal services. As stated in Defendant's Memorandum of Points and Authorities for Motion for Partial Summary Judgment, Virginia courts have addressed whether legal services of any type fall under the VCPA in two separate cases. See Board of Directors of the Port Royal Condominium Unit Owners' Ass'n v. Crossland Savings FSB, 15 Va. Cir. 239 (Alexandria 1989); Oberto v. Grogan, 88 VA Cir. 188 (Richmond 2014). Because the Court did not consider these two cases, which explicitly state Virginia law regarding the VCPA's application to legal services, it should reconsider its earlier decision in denying Defendant's motion to dismiss Plaintiff's Count Two.

In their Opposition, Plaintiffs missed the entire point of Defendant's argument. Virginia Courts clearly state that legal services do not meet the definition of consumer transactions. See Board of Directors, 15 VA. Cir at 241; Oberto, 88 VA Cir. at 190. There are two critical elements of the VCPA, separate and distinct from one another: there must be a supplier and there must be a consumer transaction. VA Code Ann. § 59.1-200. In the instant case, the supplier is either Morris Days or CAIR. Morris Days and CAIR have always been a non-lawyer. The consumer transaction is legal services. Virginia courts have held that legal services *of any type*, with no mention of the actor, do not meet the definition of consumer transaction. Board of Directors, 15 VA. Cir. at 241. Therefore, since legal services are involved, there is no consumer transaction.

The Oberto Court clearly illustrated this point. It stated:

> [L]astly, whether plaintiff's claim for violation of the VCPA survives demurrer depends upon whether the Act applies to legal

4

>services. The court must find that there is no VCPA claim alleged. VCPA applies to "fraudulent acts or practices committed . . . in connection with a consumer transaction" and defines a consumer transaction as '[t]he advertisement, sale, lease, licensing or offering for sale, lease or license, of goods or services to be used primarily for personal, family, or household purposes.' There is no controlling authority on the subject, but at least one circuit court decision has held that legal services do not fit the VCPA's definition of consumer services. *Board of Directors of the Port Royal Condominium Unit Owners' Ass'n v. Crossland Savings FSB*, 15 Va. Cir. 239, 241 (Alexandria 1989). Though the type of legal service differs from those at issue here, the court in *Crossland Savings* reasoned that '[i]t would be anomalous result to conclude that some legal services are covered by the [VCPA] while others are not'".

Oberto, 88 VA Cir. at 190. In the instant case, even the Plaintiff admits, the consumer transaction involved is a legal service. (Amd. Compl. ¶ 146). Thus, since legal services are not considered consumer transactions, VCPA cannot apply.

In its Response, Plaintiff keeps pointing to Mr. Moris Days as a non-lawyer. They state "CAIR motion cites to no case law whatsoever standing for the proposition that a non-lawyer fraudulently holding himself out as a lawyer is exempt from VCPA." Res. To Mot. For Sum Jud. ¶ 4. They go on to state, "[T]he VCPA applies in this case precisely because the allegation is not that Days as a lawyer fraudulently provided legal services to consumers but rather that Days fraudulently held himself out as a lawyer providing, some of which, but certainly not all, purported to be the kinds of services lawyers provide." *Id* at 5. Thus, the Plaintiffs clearly state that the services rendered in this matter are legal services.

Firstly, CAIR cites to two Virginia cases that state legal services are not covered under VCPA. The reason CAIR does not point to a specific case for non-lawyers is

5

because it does not matter.  As stated in its Motion, Virginia does not make a distinction between non-lawyers and lawyers providing legal services.

Secondly, no matter how Plaintiffs want to state it, the only consumer transaction alleged here are legal services. Plaintiffs, in their response, never even mention the two Virginia cases that are on point.

Lastly, as stated above, the elements of the VCPA are that there must be a supplier and then there must be a consumer transaction.  Whether the Plaintiffs argue that the supplier is Moris Days or CAIR, the supplier in this action was always a non-lawyer. What Plaintiffs neglect is that the second element, the consumer transaction, is, and has always been, legal services. Defendants argue that legal services, no matter who provides them, are still exempt from the VCPA.  That is what Board of Directors and Oberto have held. Board of Directors, 15 VA. Cir at 241; Oberto, 88 VA Cir. at 190.

## CONCLUSION

For the forgoing reasons above, the Court should grant Defendant's Motion for Partial Summary Judgment as to Count Two of the First Amended Complaint.

Dated: February 7, 2018                                     Respectfully Submitted,

                                                            Gill Law Firm,

                                                            /S/ Faisal Gill
                                                            Faisal Gill, (DC Bar 497312)
                                                            1155 F Street NW
                                                            Suite 1050
                                                            Washington, DC 20004
                                                            310-418-6675
                                                            202-318-4331 (Fax)
                                                            fgill@glawoffice.com

6

## **CERTIFICATE OF SERVICE**

  I certify that on February 7, 2018 I filed the forgoing with the Clerk of the Court electronically via the Court's CM/ECF system.  Notice of the forgoing will be sent to all parties via the CM/ECF system.


                   /S/Faisal Gill